**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-11-0000135**
**21-MAR-2012**
**08:47 AM**

NO. CAAP-11-0000135

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I,
Plaintiff-Appellee/Cross-Appellant,
v.
RACHAEL L. BERTA,
also know as RACHEL L. BERTA,
also known as RACHAEL L. KERRY,
Defendant-Appellant/Cross-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CR. NO. 09-1-0017(1))


ORDER GRANTING DEFENDANT-APPELLANT/
CROSS-APPELLEE RACHAEL BERTA'S FEBRUARY 1, 2012
MOTION TO DISMISS APPEAL NO. CAAP-11-0000135
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of (1) Defendant-Appellant/Cross-Appellee Rachael Berta's (Appellant) February 1, 2012 motion to dismiss Appeal No. CAAP-11-0000135, (2) the failure of Plaintiff-Appellee/Cross-Appellant (Cross-Appellant State) to file any memorandum in opposition to Appellant's February 1, 2012 motion to dismiss Appeal No. CAAP-11-0000135, and (3) the record, it appears that Appellant's February 1, 2012 motion to dismiss has merit, and we dismiss Appellant's appeal and Cross-Appellant State's cross-appeal from the Honorable Joel E. August's February 9, 2011 judgment.

"The right to an appeal is strictly statutory." State v. Ontiveros, 82 Hawai'i 446, 449, 923 P.2d 388, 391 (1996) (citation omitted). Hawaii Revised Statutes § 641-11 (Supp. 2011) authorizes Appellant's appeal from the February 9, 2011 judgment of conviction and sentence against Appellant for manslaughter in violation of HRS § 707-702 (Supp. 2011). Rule 4.1(a)(3) of the Hawai'i Rules of Appellant Procedure (HRAP) permits Cross-Appellant State to "file a cross-appeal within the time and under the circumstances permitted by this rule if the appeal is otherwise allowed by law." (Emphasis added). Under the law governing appeals by the prosecution in a criminal case, Cross-Appellant State's right of appeal in this case is limited to those instances set forth in HRS § 641-13 (Supp. 2011). State v. Fukusaku, 85 Hawai'i 462, 490, 946 P.2d 32, 60 (1997) (citations omitted). Subsection (5) of HRS § 641-13 authorizes Cross-Appellant State to appeal "[f]rom a ruling on a question of law adverse to the State where the defendant was convicted and appeals from the judgment[.]" HRS § 641-13(5) (emphasis added). Therefore, in light of Appellant's conviction and appeal from the February 9, 2011 judgment, HRS § 641-13(5) has apparently authorized Cross-Appellant State's cross-appeal. In Cross-Appellant State's October 11, 2011 opening brief, Cross-Appellant State argues that the circuit court applied the wrong legal standard for determining the reasonableness of Appellant's affirmative defense of extreme mental or emotional disturbance pursuant to HRS § 707-702(2) (Supp. 2011), and, thus, Cross-Appellant State asks this court to vacate the February 9, 2011

judgment, remand this matter to the circuit court with instructions to enter a conviction for murder in the second decree in violation of HRS § 707-701.5 (1993), and sentence Appellant accordingly.

However, in Appellant's February 1, 2011 motion to dismiss, Appellant voluntarily requests this court to dismiss Appellant's appeal from the February 9, 2011 judgment pursuant to HRAP Rule 42(b), which provides that, "[u]pon motion and notice, the appellate court may dismiss the appeal upon terms fixed by the appellate court." Cross-Appellant State has not asserted any objection to Appellant's motions. The dismissal of Appellant's appeal from the February 9, 2011 judgment appears appropriate. In the absence of Appellant's appeal from the February 9, 2011 judgment, HRS § 641-13(5) will no longer authorize Cross-Appellant State's cross-appeal.

Accordingly, IT IS HEREBY ORDERED that Appellant's February 1, 2012 motion to dismiss Appeal No. CAAP-11-0000135 is granted, and Appeal No. CAAP-11-0000135 is dismissed in its entirety.

DATED: Honolulu, Hawai'i, March 21, 2012.

Presiding Judge

Associate Judge

Associate Judge

-3-